WILLIAM C. PATE, Plaintiff, *v.* AUGUSTUS HOFFMAN, Defendant.

*Lien—upon personal property, is not discharged by the recovery of a money judgment — a receiver of the lienor is a proper party to a foreclosure thereof.*

Augustus Hoffman owned a picture, which he delivered to Louis R. Menges for repair and for storage, agreeing that Menges should have a lien upon the picture for the value of his services. Menges made an assignment for the benefit of creditors, and one Bowman, his assignee, having obtained possession of the picture, brought an action against Hoffman for the amount of the lien and recovered a personal judgment therein, but collected nothing upon the execution issued thereon.

A receiver of the property of Hoffman, whose receivership had been extended over the judgment of Bowman, demanded possession of the picture, which was refused.

*Held,* that the lien was not affected by the recovery of a personal judgment while it remained unsatisfied, or by the extension of the receivership over such judgment, and that Bowman still had a right to sell the property to satisfy the lien.

That the receiver was a proper party to an action brought for the foreclosure of the lien, and that it was error to deny an application made by Bowman, as assignee, for leave to commence an action against the receiver for such foreclosure.

Appeal by Henry H. Bowman, as assignee for the benefit of creditors of Louis R. Menges, petitioner in this action, from an order, entered in the office of the clerk of the city and county of New York on the 2d day of September, 1891, denying the motion of said Bowman, as such assignee, for leave to commence an action against the plaintiff, as receiver of Augustus Hoffman, the defendant in the above-entitled action, for the purpose of foreclosing a lien upon a certain oil painting formerly belonging to said Hoffman.

It appeared by the petition of Henry H. Bowman, for leave to bring an action for the foreclosure of a lien against the plaintiff, as receiver of Augustus Hoffman, in the above matter, and an affidavit attached thereto, that the plaintiff recovered his judgment against Hoffman on January 4, 1871, and was himself appointed receiver July 28, 1890; that the petitioner, Bowman, became assignee of Menges for the benefit of creditors, under an assignment dated January 15, 1885, and recorded in the clerk's office on February 11, 1885. That as such assignee, the petitioner received a picture, then in the hands of Menges, belonging to Hoffman, and which the latter

had put in Menges's hands for repairs and for storage, at the same time agreeing that Menges should have a lien therefor. On March 14, 1889, Bowman recovered a judgment in the Court of Common Pleas for the amount of said claim and lien, consisting of storage and repairs made to said picture by Menges. An execution issued thereon was returned unsatisfied.

Subsequently an order was made in the Court of Common Pleas extending the plaintiff's receivership in the above-entitled action over the judgment of Bowman, in the action in that court, and directing the judgment-debtor to deliver his property to the receiver appointed by the Supreme Court. Under this order the plaintiff demanded said picture, which demand was refused, and Bowman now seeks to foreclose his lien by action.

*A. B. Smith*, for the assignee, appellant.

*C. E. Souther*, for the receiver, respondent.

Ingraham, J.:

The right of the appellant to hold possession of the property upon which he had a lien was not affected by the recovery of judgment for the amount of the indebtedness to secure the payment of which he held the property as security. It had the effect of settling the amount of the defendant's liability to the petitioner, but did not affect the lien upon the security or his right to have the same sold and the proceeds applied to the payment of the amount due. Nor did the fact that a receiver of the debtor's property, appointed on the application of another creditor, was extended so that the receivership would include the judgment obtained by the petitioner, affect the petitioner's right to hold the security until his debt was paid. Petitioner had the right to take any proceeding to collect his judgment without resorting to the security. If his judgment had been collected, then he would have no further interest in the property held as security, and such property would belong to the receiver and could be applied by him to the payment of the creditor at whose instance he had been appointed, but until such judgment was paid the lien upon the property was superior to the title of the receiver.

Petitioner having failed to collect his judgment by the proceedings instituted, had then the right to resort to the property upon

which he had a lien to secure the payment of the debt, and for such purpose to commence an action to have the property sold and its proceeds applied to the payment of his demand. To such an action the receiver in whom had vested the title to such property subject to the lien was a proper party, and he should have been allowed to make the receiver a party to such an action.

We think, therefore, that the motion should have been granted, and the order appealed from must be reversed with ten dollars costs and disbursements and motion granted.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Order reversed, with ten dollars costs and disbursements and motion granted.