### BOWMAN *v.* HOFFMAN *et al.*

(*Common Pleas of New York City and County, Equity Term.* August 4, 1892.)

STATUTE OF LIMITATIONS—PLEDGE—FORECLOSURE.

> Where no request is made to redeem a pledge securing a debt payable on demand, a cause of action to foreclose the lien does not accrue until the complaint is filed, though the debt is reduced to judgment.

Action by Henry W. Bowman, as assignee for the benefit of the creditors of Louis R. Menger, against Augustus Hoffman and William C. Pate, as receiver, to foreclose a lien on an oil painting. Defendant Pate moved to dismiss the complaint. Denied.

*Halcyon M. Close*, for plaintiff. *C. E. Souther*, for defendant Pate.

GIEGERICH, J. This action is brought by the assignee of one Louis R. Menger to foreclose a lien on an oil painting, entitled "Niagara," which is alleged to have been pleged by the defendant Hoffman to secure the payment of a debt, on demand, owing by said defendant Hoffman to said Menger for work and materials furnished and money loaned by said Menger to defendant Hoffman between the 20th day of August, 1869, and the 27th day of November, 1878. The complaint further alleges that, on or about the 15th day of January, 1885, the said Menger made an assignment to the plaintiff of all his property and assets, including the debt mentioned and the security pledged therefor, for the benefit of creditors; that on or about the 14th day of March, 1889, the plaintiff recovered judgment against the defendant Hoffman in this court for the above-mentioned demand; that an execution was issued to the sheriff, and returned wholly unsatisfied; that on or about the 28th day of July, 1890, the defendant Pate was, by an order of the supreme court, duly appointed as the receiver in supplementary proceedings of all the property of the said defendant Hoffman, and thereafter this court, by its order, extended the receivership of the defendant Pate to supplementary proceedings upon it; and that on or about the 27th day of October, 1890, in proceedings had for the purpose, the supreme court granted leave to the plaintiff to sue the defendant Pate as receiver, and to bring this action. The defendant Pate, as such receiver, by his answer, among other things, interposes two defenses of the statute of limitations, namely: "*Second.* That the cause of action therein stated did not accrue within six years before the commencement of this action. *Third.* That the cause of action therein stated did not accrue within ten years before the commencement of this action." Upon questions of fact raised by the pleadings, issues were framed by an order in this action dated January 20, 1892, by which it is provided that in case the complaint be not dismissed upon the issues of law raised by the second and third defenses stated in the answer thereto of the defendant Pate, the questions of fact annexed to said order be submitted to a jury, and their verdict had thereupon. By the pledge of the chattel as security for the debt, the title of the chattel did not pass to the pledgee. The title remained in the pledgor until it was divested by a sale upon notice, or by judicial proceeding. *Markham* v. *Jaudon*, 41 N. Y. 235; *Stearns* v. *Marsh*, 4 Denio, 230; *Brownell* v. *Hawkins*, 4 Barb. 491; *Grumann* v. *Smith*, 81 N. Y. 25; *Bailey* v. *Drew*, (Sup.) 2 N. Y. Supp. 212. The special property of Menger in the painting passed to the plaintiff on the assignment by said Menger to the plaintiff of all his property for the benefit of his creditors. The fact that the receiver of the property of the defendant Hoffman, appointed on the application of another creditor, was extended so that the receivership would include the judg-

ment obtained by the plaintiff, did not affect his right to hold the security until the debt was paid. *Pate* v. *Hoffman*, (Sup.) 16 N. Y. Supp. 74. The right of plaintiff to hold possession of the property upon which he had a lien was not affected by the recovery of the judgment for the amount of the indebtedness to secure the payment of which he held the property as security. *Pate* v. *Hoffman*, *supra;* *Lincoln* v. *Linde*, (Sup.) 16 N. Y. Supp. 106. The defendant Pate, as receiver, urges that the lien has been barred by the statute of limitations; but, considering this case in the light of the authorities hereinafter cited, I am of the opinion that the cause of action did not accrue until the filing of the complaint. Chancellor Kent defines the rights of the parties to a pledge, particularly as to the sale and redemption thereof, as follows: "The general property does not pass, as in the case of a mortgage, and the pawnee has only a special property. If no time of redemption be fixed by the contract, the pawner may redeem at any time, and, though a day of payment be fixed, he may redeem after the day. He has his whole lifetime to redeem, provided the pawnee does not call upon him to redeem, as he has a right to do at any time in his discretion if no time for redemption be fixed, and if no such call be made, the representatives of the pawner may redeem after his death. As early as the time of Glanville, these just and plain principles of the law of pledges were essentially recognized; it was declared that, if the pledge was not redeemed by the time appointed, the creditor might take recourse to the law, and compel the pawner to redeem by a given day, or be forever foreclosed and barred of his right. And if no time of redemption was fixed, the creditor might call upon the debtor at any time by legal process to redeem or lose his pledge." 4 Kent, Comm. (13th Ed.) 138. *Roberts* v. *Sykes*, 30 Barb. 173, was an equitable action, brought by the pledgor against the personal representatives of the pledgee for the redemption and reassignment of the stock pledged as security for the payment of a note. The defense set up in the answer was the statute of limitations. SUTHERLAND, J., held that the action was barred by the statute of limitations, as it was not brought within 10 years from the time the note became due. The foregoing case is distinguishable from the one at bar. In that case the time for the redemption of the pledge was fixed by the contract between the parties, but in this case the debt was payable on demand, and no time of redemption was fixed. The above-mentioned case of *Roberts* v. *Sykes* must, however, be considered as overruled by all reported cases arising subsequent thereto in this state, and in *Bailey* v. *Drew*, *supra*, INGRAHAM, J., expressly held that the same must be considered as overruled by *Miner* v. *Beekman*, 50 N. Y. 343. In *Purdy* v. *Sistare*, 2 Hun, 126, the plaintiff delivered certain bonds to the defendant, who advanced a sum of money thereon. On the defendant's refusal to render an account, the plaintiff brought an action for an accounting, in which the defendant interposed the defense of the statute of limitations, and it was held that the defense was properly overruled; that the pledge of the bonds with the power of sale created a direct trust, and that in such cases the statute does not begin to run as a general rule unless there be an open denial or repudiation of the trust, or some notice of an adverse claim. In *Roberts* v. *Berdell*, 15 Abb. Pr. (N. S.) 183, the loan, for the payment of which certain bonds had been pledged, had been paid more than six years before the commencement of the action, but the demand for the return of the bonds and the refusal of the pledgee to comply was within the sixth year. It was held by the court of appeals that the cause of action was not barred until six years after the formal demand and refusal, although the payment and previous request for return of the pledge took place more than six years before the action was brought. *Bailey* v. *Drew*, *supra*, was an action by the assignee of the pledgor for an accounting. The defendant pleaded the statute of limitations, and it was held that the right to invoke the aid of a court of equity to ascer-

tain the amount due upon an obligation secured by the pledge of personal property was a continuing right, and continues as long as the right to redeem exists; that the cause of action does not depend upon the rights of the parties as they existed at the time of the pledge, but depends upon the right of the pledgor to redeem at the time the bill was filed, and the cause of action upon which such bill is founded accrues not when the collateral security was first pledged, but when the right to redeem was first insisted upon, namely, upon the filing of the bill, and that the statute of limitations was no bar to the action. It follows that the statute of limitations had not run against the action when it was commenced. The motion to dismiss the complaint upon the issues of law raised by the second and third defenses in the answer of the defendant Pate, as receiver, is therefore denied, and the questions of fact annexed to the order herein of January 20, 1892, are, in conformity therewith, directed to be submitted to a jury, and their verdict had thereupon.