an action will still lie for the purpose of obtaining restitution notwithstanding the provisions of the Code authorizing a more summary method of securing such relief is well settled. Haebler v. Myers, 132 N. Y. 363, 30 N. E. 963, 15 L. R. A. 588. The remedies are concurrent.

The motion is therefore denied, without costs, and without prejudice to any action which the appellants may be advised to bring for the purpose of securing relief. Notice order for settlement.

---

(31 Misc. Rep. 719.)

### LEHMEYER v. PROVIDENT LOAN SOC. OF NEW YORK.

(Supreme Court, Appellate Term. June 13, 1900.)

PLEDGES—SECURITY—TITLE—TENDER—EXTINGUISHMENT.

Where rents, for the payment whereof a pawn ticket was delivered to be held as security, were tendered within the time agreed on, the landlord retained no property in the ticket, since such delivery was a pledge, and the special property acquired was extinguished by the tender.

Appeal from municipal court, borough of Manhattan.

Action by Louis T. Lehmeyer against the Provident Loan Society of New York. From a judgment in favor of the plaintiff, defendant appeals. Reversed.

Argued before GIEGERICH and O'GORMAN, JJ.

De Forest Bros. (Robert Thorne, of counsel), for appellant.

Max Bayersdorfer (Jacob H. Corn, on the brief), for respondent.

GIEGERICH, J. The action is to recover damages for the conversion of certain articles of jewelry mentioned in a certain pawn ticket issued by the defendant to one George Grieneisen, upon a loan of $25, on the 28th day of October, 1897. The ticket in question was delivered in March, 1898, by Grieneisen to the plaintiff as security for the payment of the rent of certain apartments then occupied by the former as a tenant of the latter. The plaintiff gave testimony to the effect that he was to hold such ticket until the 1st day of May following, when the debt was to be paid. One Frazee, a collector for the agents of the plaintiff, testified that the ticket was to be kept or held as security until such time as Grieneisen could redeem it, and the latter stated that it was given merely as security for the rent. It appears from the testimony of both the plaintiff and Grieneisen that subsequently there was tendered to the former by the latter the full amount of the debt, and that plaintiff declined to accept the same. The delivery of the pawn ticket by Grieneisen to the plaintiff merely constituted a pledge thereof. Hence, under the rules governing the relation of pledgor and pledgee, the general title to the ticket did not pass, as in the case of a chattel mortgage, and the plaintiff only had a special property therein, which, under the circumstances, could be extinguished either by payment or tender of the debt at any time before Grieneisen's right of redemption was foreclosed. 18 C. of L. 720, 725; 4 Kent, Comm. (13th Ed.) 138; Bowman v. Hoffman (Com. Pl.) 20 N. Y. Supp. 415. Since such right existed when the debt was

tendered to, and refused by, the plaintiff, any special property which he may have had in the pawn ticket was obviously terminated by such tender. 18 Am. & Eng. Enc. Law (1st Ed.) 721. In this view, it will not be necessary to determine what rights, if any, the plaintiff acquired as against the defendant under such ticket, nor to pass upon the other points urged upon this appeal.

It results that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

O'GORMAN, J., concurs.