STEPHENS v. SIMPSON et al.

(Supreme Court, Appellate Division, First Department.  May 6, 1904.)

1. PAWNBROKERS—LOANS—PLEDGED CHATTELS—SALE—DEFICIENCIES—SURPLUS —SET-OFF.

Laws 1883, p. 508, c. 339, regulating pawnbrokers, requires them to keep a book in which each loan made shall be entered, with the description of the goods pawned, together with the name and residence of the person pawning them; and section 10, p. 509, declares that any surplus money arising from any sale of such goods for nonpayment of the loan, after deducting the loan and interest, shall be paid to the person entitled to redeem the pledge. *Held*, that where several loans were made to the same person on different pawned chattels at different times, none of which were ever redeemed, a surplus arising on the sale of the chattels pawned to secure one of the loans could not be set off against a deficiency arising on sales of the pledges for the other loans.

Submission of controversy on an agreed statement of facts between Arline E. Stephens, as executrix, etc., and Howard N. Simpson and another, as executors, etc.  Judgment for plaintiff.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Hector M. Hitchings, for plaintiff.
Leslie R. Palmer, for defendants.

McLAUGHLIN, J. This case comes before the court upon an agreed statement of facts. Section 1279, Code Civ. Proc. The plaintiff's testator, George W. Stephens, at five different times, commencing on the 8th of June, 1900, and ending on the 30th of November, 1901, pawned with the defendants, duly licensed pawnbrokers doing business in the city of New York, five pieces of jewelry, for which

five pawn tickets were issued, numbered, respectively, 3,632, 18,190, 33,595, 35,316, and 37,369. Stephens failed to redeem any of the articles, and, upon sales had, after deducting the amount loaned, together with the interest thereon and expenses of the sale, deficiencies were realized of $1,033 on property covered by ticket No. 3,632, $1.70 on No. 18,190, $414 on No. 35,316, and $10.40 on No. 37,369, but on No. 33,595 a surplus was realized of $434.40; and the question presented by the submission is whether the plaintiff is entitled to this surplus, or whether the defendants can offset the same against the deficiencies. The five loans were made at different times, on different property, fell due at different times, and each, therefore, was independent of, and had no connection with, the other. The loans were made by the defendants on personal security, and not upon the personal credit of the plaintiff's testator. There was no agreement upon his part, either express or implied, that he would repay the amount loaned, and an action could not have been maintained against him to recover such sums, or any part thereof. On the contrary, when the transactions are considered in connection with the statute under which the defendants did business (chapter 339, p. 508, Laws 1883), it seems to me clear the agreement between the parties was that, in case the amount loaned was not repaid, the defendants would look to the property pledged, and not to Stephens. This statute requires, among other things, that a book shall be kept in which shall be entered each loan made, and a description of the goods pawned, together with the name and residence of the person pawning them (section 4); that a ticket shall be delivered to the person pawning any article, which shall contain substantially the entry made in such book (section 5); that articles pawned shall not be sold until they have remained at least one year in the possession of the pawnbroker (section 8); and upon a sale "the surplus money, if any, arising from any such sale, after deducting the amount of the loan, the interest then due on the same and the expenses of the advertisement and sale, shall be paid over by the pawnbroker to the person who would be entitled to redeem the pledge in case no such sale took place" (section 10). The words, "the surplus money, if any, arising from any such sale," are not only significant, but decisive, inasmuch as the contingency of a deficiency is nowhere provided for in the statute, nor any provision made for its payment. The statute confers a special privilege upon a pawnbroker, by permitting him to charge a very high rate of interest; and obviously for the reason that the money he advances is upon property pledged, and not upon the credit of the pledgor. The loan, therefore, being upon the property, in case of nonpayment he must look to that.

The construction thus placed upon the statute and the transactions of the parties is supported by Dopree v. Norcliffe, 23 Law Times Rep. N. S. 552. In that case the court had under consideration a statute (39 & 40 Geo. III, c. 99) much like our own, and the facts there were quite similar to those in the present case. There the plaintiff at different times pawned three different articles, and upon the sale of one of them there was a surplus, and upon the sale of the other two there was a deficiency. The court held that the right of set-off did

not exist, that the plaintiff was entitled to the surplus, and that the same could not be diminished in any way by the deficiency.

The plaintiff, under the submission, is entitled to a judgment against the defendants for $434.40, besides costs. All concur.