BERNSTEIN, Appellant, v. WEINSTEIN, Respondent. (Supreme Court, Appellate Division, Second Department. April 28, 1905.) Appeal from Municipal Court, Borough of Brooklyn, First District. Action by Louis Bernstein against Jacob Weinstein. From a judgment in favor of defendant, plaintiff appeals. Affirmed. Franklin Pierce (Samuel W. Levine, on the brief), for appellant. Meyer Levy, for respondent.

PER CURIAM. Affirmed on opinion of Appellate Division in Stephens v. Simpson, 94 App. Div. 298, 87 N. Y. Supp. 1068.

HOOKER, J. (dissenting). The plaintiff appeals from a judgment of the Municipal Court sustaining the defendant's demurrer to the complaint on the ground that the same does not state facts sufficient to constitute a cause of action. The complaint alleges that the plaintiff on the 14th day of May, 1903, as a duly licensed pawnbroker, loaned to the defendant under an agreement of pledge or pawn $50, taking as collateral security therefor a gold watch; that the loan was made for the term of one year, and the watch deposited as security for its payment; that it might be redeemed by paying the amount of the loan, with interest, but otherwise sold at public auction and the proceeds applied on account of the loan; that, though more than a year expired after making the loan, defendant did not redeem the watch or tender the amount of the loan, with interest, to the plaintiff; that the latter, after demand upon the defendant and due notice to him, caused the same to be sold at public auction as an unredeemed pledge pursuant to statute; and that the amount realized upon the sale was insufficient to pay the amount of loan, with interest and expenses of the sale. The complaint demands judgment for the balance. Nothing is shown on the face of the complaint from which it appears that the transaction was other than a loan, with defendant's promise, whether implied or expressed, to repay the same, accompanied by the pledge or pawn of personal property as collateral security, unless it may be the fact that the plaintiff happens to be a pawnbroker. There is no doctrine of the common law by which a pledge or pawn to a pawnbroker is governed by a different rule of bailments than a pledge or pawn to another. It is said that a pawn is a bailment of goods by a debtor to his creditor, to be kept by him until the debt is discharged (22 Am. & Eng. Ency. of Law [2d Ed.] 508), and that a pawn is a bailment of personal property as security for some debt or engagement (Story on Bailments [9th Ed.] § 286). A pawnbroker is one whose business is to lend money, usually in small sums, upon a pawn or pledge. The only suggestion that is made in any of the cases which I have been able to discover that a pawnbroker may not recover the amount of the original loan, with lawful interest, less the proceeds of the sale of the property pledged, in case that was not sufficient to pay the primary obligation, is a remark of the court in Stephens v. Simpson, 94 App. Div. 298, 87 N. Y. Supp. 1068. It was there held that a pawnbroker could not apply a surplus arising on a sale of one article pawned to deficiencies arising on

93 N.Y.S.—71

the sale of other articles pawned at different times; the several transactions being independent of and having no connection with each other. The authority of Dobree v. Norcliffe, 23 L. T. Rep. N. S. 552, was relied upon. As I read that case, the court held that a pawnbroker might not, under circumstances similar to those submitted in Stephens v. Simpson, supra, offset surplus against deficiency, for the sole reason that no general statute of offset was in force. In that case Blackburn, J., said: "I think the magistrate was right. There is no general statute of set-off. Certain statutes confer the right in certain cases, but this is not one of them. The pawnbroker is directed to pay over the surplus, and nothing is said about keeping back part of the same as a set-off as against other debts." This case was decided in 1870, under Act 39 & 40 Geo. III, c. 99, and shortly thereafter, in 1872, Act 35 & 36 Vict. c. 93, was passed, which repealed all other acts in relation to pawnbrokers, and provided that a pawnbroker might offset a deficit on one loan against a surplus arising on the sale of property pledged to secure another. In Jones v. Marshal, 24 Q. B. D. 269, the question arose as to whether or not a pawnbroker might bring an action for a deficit upon a sale of property pawned. This case arose subsequent to Act 35 & 36 Vict. c. 93. Lord Coleridge, C. J., said: "I think it is clear that under the contract, read without reference to the act, the pawnbroker would have a right to recover the balance of the loan unsatisfied on the sale of the pledge. It is a contract of pledge, and if the article pawned does not realize the amount lent on it, he may bring an action for the deficit." Both judges who sat in that case and rendered the decision expressed the view that a pawnbroker has an original right at common law, under a contract of pledge, to bring an action for a deficit in the event of the debt remaining unsatisfied after the sale of the article pawned. In Mauge v. Heringhi, 26 Cal. 777, which was an action brought to recover a deficiency remaining after applying to the amount of a loan the proceeds of the sale of the property pledged to a pawnbroker, the court held the common-law rule to be as we have noticed it. To the same effect is South Sea Company v. Duncombe, 2 Strange, 919 (905), which is an early case on the subject, and decides, inter alia, that to discharge the person of a borrower in a transaction of this character there must be some special agreement to stand to the pledge only. I can see nothing in any of the provisions of chapter 339, p. 508. of the Laws of 1883, amended by chapter 538, p. 1208. of the Laws of 1903, commonly known as the "Pawnbrokers' Act," indicating an intention on the part of the Legislature to deprive pawnbrokers of the common-law right attaching to contracts of pledge. If it is claimed for this act that it is to be construed as establishing the rule that when a pawnbroker advances money on personal property there is no agreement on the part of the pawnor, either expressed or implied, that he will repay the amount loaned, and that where a pawnbroker advances money upon personal property pledged he does it upon the property alone and not upon the credit of the pawnor, it should be borne in mind

that the intent must be so clear as to be in conformity with the rule that a statute which changes the rule of the common law must be strictly construed, and the latter will be held to be no further abrogated than the clear import of the language used in the statute absolutely requires. Fitzgerald v. Quann, 109 N. Y. 441, 17 N. E. 354. The statute is entirely silent upon the question of the liability of the pledgor, and I can find in it no words which either absolutely require the construction contended for by the respondent, or would under any rule of construction even admit of that interpretation. The judgment should be reversed, and the demurrer overruled.