(66 Misc. Rep. 584.)

HARDER et al. v. CLARK.

(City Court of New York, Trial Term.    March, 1910.)

BANKRUPTCY (§ 303*)·—FRAUDULENT PREFERENCES—ACTION TO SET ASIDE—EVIDENCE.

A trustee in bankruptcy, seeking to set aside an alleged preference, has the burden of proof to show that the creditor has reasonable cause to believe that the bankrupt intended a preference, and that because of such preference the creditor got a greater percentage of his debt than that paid to the other creditor; and where it is proven that the creditor received the chattels in controversy under the belief that the bankrupt was not intending to make a preference, the transfer cannot be set aside.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 462; Dec. Dig. § 303.*]

Action by Adolph Harder and another against Grenville Clark, trustee in bankruptcy.   Judgment for plaintiffs.

Katz & Sommerich, for plaintiffs.

Edwin W. Willcox, for defendant.

McAVOY, J.   It is not every transfer of property, during the four months period preceding adjudication in bankruptcy, which can be claimed as a preference by the bankrupt of the creditor who is the recipient of the transfer.   It is necessary, in order to constitute a preference, that it be shown that the bankrupt was insolvent at the time of the transfer—i. e., at the date of the transfer;  and the insolvency is determined, pursuant to the statute, whenever the aggregate of his property, exclusive of any property which he has conveyed, transferred, concealed, removed, or permitted to be concealed or removed, with intent to defraud, hinder, or delay his creditors, shall not, at a fair valuation, be sufficient in amount to pay his debts.   In plain terms, insolvency means that the liabilities exceed the assets.   Insolvency is not proven by the mere inability to pay obligations which are current at the time of the transfer, even though such obligations may have matured.   It is essential, therefore, for the trustee in an action to recover a preferential payment to show actual insolvency on the part of the bankrupt at the time of the payment;  and an additional element in his cause must be shown, to wit, that the creditor knew or had reasonable grounds for believing, acting as an ordinarily prudent man, that a preference was intended.   It is not necessary, however, to show fraud or an intent on the part of the bankrupt to make a, preferential payment.   See Upson v. Mt. Morris Bank, 103 App. Div. 367, 92 N. Y. Supp. 1101.

With these rules in view, I am unable to find as a fact that there was sufficient proof by the trustee, who has the burden thereof (see Calhoun County Bank v. Cain, 152 Fed. 983, 82 C. C. A. 114, 18 Am. Bankr. Rep. 509), that the creditor had reasonable cause to believe that the debtor was intending to give him a preference over other creditors, or that the debtor was intending a preference, because the proof shows that the debtor, even subsequent to the time of the in-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

terview in which the assets and liabilities of the bankrupt concern were gone over, claimed a surety of the payment of all its creditors in full, and by a payment made under such conditions, without thought of the hurt of other creditors, and with confidence in his ability to pay them all, the creditor receiving such payment believing that the debtor, while paying him his debt in the course of business, or giving him security therefor, is acting without any purpose of giving special favor, cannot be held to have had reasonable cause to believe that a preference was intended. Matter of First Nat. Bank, 155 Fed. 100, 84 C. C. A. 16, 18 Am. Bankr. Rep. 766. A creditor may suspect his debtor of insolvent circumstances; but he may not have sufficient evidence thereof, so as to justify him in refusing to receive payment of his debt in peril of violating the bankruptcy law. The cases hold that he may be even unwilling to trust him further. He may become anxious about his claim, and desire security for it. Additional security and receiving payments under such circumstances are not prohibited by the law. In addition thereto, there is an element lacking in the case, which our New York courts have held is essential to show that a preferential payment has been made, to wit, that in order to constitute a preference the trustee must show that the result of the transfer is that the creditor gets a greater percentage of his debt than that payable to the other creditors. There is no proof whatever of this fact, and this failure alone would render unavailable the defense of the trustee in bankruptcy of preferential transfer by the bankrupt to the plaintiffs. Engel v. Union Square Bank, 94 App. Div. 244, 87 N. Y. Supp. 1070; Id., 182 N. Y. 544, 75 N. E. 1129.

Judgment should therefore be for the plaintiffs, directing the delivery of the chattels.

Judgment for plaintiffs.