(95 Misc. Rep. 543)

## STONE v. DEMAREST.

(Supreme Court, Appellate Term, First Department.   June 26, 1916.)

CONTRACTS ⟨⟩54(1)—VALIDITY—CONSIDERATION.

Under General Business Law (Consol. Laws, c. 20) § 44, providing that the holder of a pawn ticket shall be presumed to be the person entitled to redeem the pledge, the delivery by plaintiff to defendant of a pawn ticket representing her right of redemption in a diamond ring constituted good and valid consideration for a contract entered into whereby defendant agreed to redeem the ring, since any detriment suffered or legal right given up or forborne by the promisee, is a sufficient consideration for an agreement.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 233; Dec. Dig. ⟨⟩54(1).]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Virginia L. Stone against Warren G. Demarest.  From a judgment for defendant dismissing the complaint, plaintiff appeals.  Reversed, and new trial granted.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Leon Laski, of New York City, for appellant.

Morris & Plante, of New York City (John J. Prendergast, of Brooklyn, of counsel), for respondent.

GUY, J.   This action is brought to recover damages for breach of contract, the complaint alleging that on or about September 20, 1910, defendant entered into an agreement with plaintiff, in consideration of plaintiff's promise to repay to defendant the money to be advanced by him, and in consideration of plaintiff delivering to defendant at that time a pawn ticket for a diamond ring, which she had pledged with a pawnbroker, whereby defendant agreed to redeem said ring for plaintiff, advancing therefor the sum of $124, being $100 borrowed by plaintiff on the ring and $24 interest, which would be the amount due at the expiration of the time for which the ring had been pledged; that defendant, in violation of his said agreement, failed to redeem said ring, but paid the interest thereon, amounting to $24, leaving the ring still in pledge; that subsequently plaintiff tendered to defendant the amount of interest so paid by him and demanded the return of the pawn ticket; that defendant refused to return the pawn ticket, and subsequently neglected and failed to redeem the ring, as agreed to by him, though frequently requested so to do by plaintiff; and that by reason of such neglect and breach of contract on the part of the defendant the time for which the ring was further pledged or left in pawn by the defendant expired, and the ring was sold by the pawnbroker, with a resulting damage to the plaintiff of the value of the ring, less the amount advanced thereon to plaintiff, with interest. Evidence was introduced by plaintiff fully establishing the above facts.

At the close of plaintiff's case defendant moved for a direction of a verdict on the ground that plaintiff had failed to make out a cause of action, the alleged contract with defendant being void for lack of

consideration, and the court subsequently granted the motion on the ground of lack of consideration. In this the learned trial court erred. If the promise of the defendant to advance the money and redeem the ring from pawn had been based solely on plaintiff's promise to repay the amount so advanced, the contract would have been without consideration; but the delivery of the pawn ticket by plaintiff to defendant at the time of the making of the contract was a good and valid consideration for the contract entered into by defendant. In delivering the pawn ticket to defendant, plaintiff parted with a thing of value, her right of redemption of the ring, which right she thus transferred to the defendant.

General Business Law, art. 5, § 44, relating to pawnbrokers, provides:

"The holder of such memorandum or note shall be presumed to be the person entitled to redeem the pledge, and the pawnbroker shall deliver such article to the person so presenting such memorandum or note on payment of principal and interest."

It is elementary that a change of position on the part of one party to a contract on the faith of the promises made by the other party to the contract, and in carrying out the purpose for which the contract is made, constitutes a valid consideration. Any detriment suffered, or any legal right given up or forborne by the promisee, is a sufficient consideration for an agreement. See Grossman v. Schenker, 206 N. Y. 466, 100 N. E. 39; 9 Cyc. 311, 312; Hamer v. Sidway, 124 N. Y. 538, 27 N. E. 256, 12 L. R. A. 463, 21 Am. St. Rep. 693; Parsons on Contracts, 444; Melville v. Kruse, 174 N. Y. 306, 66 N. E. 965.

The authority relied upon by respondent, Thorne v. Deas, 4 Johns. 84, 96, is not in point, in that the plaintiff therein did not forego or surrender any right. The defendant promised, without consideration, to perform gratuitously for plaintiff the act of insuring a vessel in which plaintiff had an interest, but plaintiff did not forego his own right to effect such insurance. In the case at bar plaintiff surrendered to defendant a pawn ticket which carried with it an absolute right to possession of the ring upon tender to the pawnbroker of the amount of the pledge with interest, and divested herself of such right; the ticket not having been lost or mislaid, so as to entitle plaintiff to the issuing of a new ticket on application to the pawnbroker, and having been voluntarily transferred by plaintiff for a valid consideration to defendant.

The judgment must therefore be reversed, and a new trial granted, with $30 costs to appellant to abide the event. All concur.