CHARLES GEORGE BEHRE, Doing Business under the Style or Firm Name of " THE REFERENCE REPORTER," Appellant, v. EARL B. HORTER and ELIN HORTER, Respondents.

(Supreme Court, Appellate Term, First Department, December, 1916.)

Stenographers — reference — when entitled to payment — stipulation — costs.

> An unofficial stenographer who takes the testimony upon a reference under the signed stipulation of the attorneys to the action, by which it is agreed that the " fees of the stenographer shall be taxed up as costs in the proceeding," is entitled to payment so soon as he has fully performed the service provided for by the stipulation.

APPEAL by the plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, entered upon the dismissal of plaintiff's complaint after a trial before the court without a jury.

Francis X. Hennessy (Harry R. Kohn, of counsel), for appellant.

Paul E. Mead, for respondent Elin Horter.

Joseph E. Cavanaugh, for respondent Earl B. Horter.

WHITAKER, J. Plaintiff is an unofficial stenographer. The defendants were parties to a separation action pending in the Supreme Court. An order was made by the Supreme Court referring the issues to William J. Burke, as referee. At the first hearing before the referee, December 14, 1915, the parties entered into the following stipulation:

" It is further stipulated and agreed by and between the parties hereto, that ' The Reference Reporter ' (C. G. Behre) certified shorthand reporter, be engaged to report the various hearings of said reference and that his fees shall be at the rate of twenty-five ($.25) cents per folio for the original or referee's copy and ten ($.10) cents per folio for each additional or counsel's copy; and five ($5) dollars per diem where the testimony taken at any one session does not aggregate the sum of five ($5) dollars, and five ($5) dollars for each adjournment of which he is not notified at least twenty-four (24) hours in advance. It is further stipulated and agreed that the fees of the stenographer shall be taxed up as costs in the proceeding. (Signed)

Joseph E. Cavanaugh, Esq., attorney for Defendant. (Signed) Paul E. Mead, Esq., attorney for Plaintiff.''

At the trial plaintiff proved the rendition of services under this stipulation. The court dismissed the complaint without intimating the ground for such dismissal. Inasmuch as there was ample evidence that services were rendered under and in pursuance of the stipulation, and inasmuch as a motion to dismiss at the close of plaintiff's case was denied, I assume that the dismissal was upon the ground that under the stipulation the defendants were not liable in that the action was prematurely brought, by reason of the provision in the stipulation that '' the fees of the stenographer shall be taxed up as costs in the proceedings.''

In the absence of stipulation, the defendants would be legally bound to pay the stenographer for services rendered. *Bottome* v. *Neeley,* 124 App. Div. 600. The stipulation bound the parties to the suit and they are jointly liable. *Finch* v. *Wells,* 66 Misc. Rep. 584; *Coale* v. *Suckert,* 18 id. 76. The only ground, therefore, upon which the judgment can be sustained is that the action was prematurely brought under the provisions of the stipulation that the fees should be taxed, etc.

We do not think the provision that '' the fees of the referee and stenographer shall be taxed up as costs in the proceeding '' postponed the right of action to the plaintiff. This provision was intended for the benefit of the parties themselves as between themselves. Whatever the result of the taxation of the costs may have been upon the amount of the fees charged by the referee, such taxation could have no effect upon the stenographer's fees. Those fees were fixed as to amount by the stipulation, and the taxing officer would have no right to reduce them so long as

. they were within the provisions of the agreement between the parties. The question as to whether this additional stipulation in the tripartite agreement was binding upon all or any two of the parties was a question of intention. There was no legal objection to construing this provision as binding only on two of the parties. *Berry Harvester Co.* v. *Walter A. Wood Co.,* 152 N. Y. 540. It was never intended that this provision as to taxation should bind the plaintiff; it was for the benefit of the parties to the suit and related to their future contingent liability as between each other. We think the plaintiff was entitled to payment as soon as he had fully performed the services provided for in the stipulation, and that such payment could not be indefinitely delayed nor entirely defeated, depending upon the voluntary subsequent actions of the parties defendant.

Judgment should be reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

LEHMAN and FINCH, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.