In the Matter of the Estate of ANNE KILLIEN ADAMS (Also Known as ANNE V. ADAMS), Deceased.

Surrogate's Court, Bronx County, June 19, 1936.

*Edgar Hirschberg,* for the executor, John J. Waters.

*Ferris & Moynahan [Solomon Safter* of counsel], for Helen Kiamie, objectant.

*Charles W. Jablon,* for Benjamin Jablon, objectant.

HENDERSON, S. The creditor's objection to the executor's account is sustained to the extent only of allowing his claim in the reduced amount of $100.

The only other objectant is the assignee of a legatee who was specifically bequeathed a solitaire ring, household furniture, furnishings and effects. All these items, except the ring, were delivered to the assigning legatee. The estate is solvent and the objectant has no other interest therein. Hence she is not entitled to object to the amount of the attorney's compensation nor to the cost of the burial plot. Her objections to those items are dismissed.

Her three remaining objections are addressed to the bequest of the solitaire ring. They are dismissed upon the merits.

The testatrix also bequeathed a marquise ring to another legatee. The gift of each ring is a specific legacy. No other ring is mentioned in the will. The executor never came into possession of any ring, but he has one pawn ticket for two rings which, it is conceded, the testatrix pawned. The identity of the pawned rings as the objects of the specific bequests is not disputed. The objectant contends that she is entitled to the solitaire ring free and clear of any charge, lien or incumbrance and that the amount of the pawnbroker's loan thereon, with interest, is a proper debt of the estate which must be paid by the executor.

Decisions in the First and Second Departments have established the law that a pawnbroker has no recourse against a pawnor, but can look for reimbursement only to the pawn because it is the sole security upon which the loan was made. (*Stephens* v. *Simpson,* 94 App. Div. 298; *Bernstein* v. *Weinstein,* 104 id. 615; *People ex rel. Broderick* v. *Goldfogle,* 123 Misc. 399, 412.) The opinion last cited was affirmed upon every appeal therefrom (213 App. Div. 677, 702, 706, 710, 713, 715, 716, 719; 242 N. Y. 277, 540, 546), but no appeal was taken from the pertinent decision. The Pawn-

brokers' Act, discussed in *Stephens* v. *Simpson* (*supra*), has been superseded by article 5 of the General Business Law, but there has been no material change in any provision thereof or omission therefrom upon which that decision was based. The amount loaned on the pawned rings was not a debt of the decedent (Surr. Ct. Act, § 314, subd. 3), and is not a valid claim against her estate. The executor may not satisfy the pawnbroker's lien out of the estate assets in view of the solvency of the estate.

Title to these rings vested in the respective legatees upon the death of the testatrix. The executor had the right to redeem them if the equity therein were needed in administering the estate. He did not do so but assents to such ownership. Thereby the titles thereto become absolute. His account discloses that such acquiescence was proper. Although the general legacies must abate to some extent, the estate is solvent and recourse to any of the several specific legacies is unnecessary. Each specific legacy must be taken by its owner " *as* and *where* it is." (*Matter of Columbia Trust Co.*, 186 App. Div. 377, 380, 381.)

The will contains no direction to redeem the rings, and the language of paragraph eleventh does not indicate any intention to satisfy the pawnbroker's liens which the testatrix created in her lifetime.

The assent of title by the executor would be sufficient " delivery " by him of each ring, were it not for his possession of the pawn ticket. It should be turned over to the legatee of the marquise ring and to the objectant as assignee of the legatee of the solitaire ring.

Settle decree.