MODELL PAWNBROKERS, INC., Plaintiff, *v.* PAUL MOSS, as Commissioner of Licenses of the City of New York, Defendant.

Supreme Court, Special Term, New York County, November 12, 1943.

*Donald S. Goldberg* for plaintiff.

*Ignatius M. Wilkinson, Corporation Counsel (Charles C. Weinstein, Richard L. Baltimore, Jr.,* and *Joseph Entel* of counsel), for defendants.

SCHREIBER, J.  The action is by a licensed pawnbroker (General Business Law, §§ 40–52) for judgment declaring valid a plan of refinancing pawn tickets issued by other pawnbrokers, asserted to be illegal by defendant, the Commissioner of Licenses of the City of New York.  Under the proposed plan refinancing is to be accomplished by accompanying such pledgors to the place where the collateral is held, there redeeming same, and thereafter issuing plaintiff's pawn ticket, as an original pledge, for the amount advanced plus an additional loan.

The statute (General Business Law, § 52, subd. 1) expressly excludes " securities or printed evidences of indebtedness " from the business of pawnbrokers.  Properly defined, pawn tickets do not come within these categories [Restatement, Contracts, § 235, comment (c); *Rosenthal* v. *American Bonding Co.,* 207 N. Y. 162; *Matter of Vanderbilt,* 132 Misc. 150] as they are evidences, not of debt, but of a right of redemption, or a bailment subject to a debt (*Matter of Adams,* 159 Misc. 827), constituting personal property (*Matter of Bronson,* 150 N. Y. 1) and freely to be pledged, transferred or assigned (*Stone* v. *Demarest,* 95 Misc. 543; *Lehmeyer* v. *Provident Loan Society,* 31 Misc. 719).  Nor may it fairly be said that such proposed business is necessarily contrary to public policy (*Matter of Small* v. *Moss,* 279 N. Y. 288), or that false and misleading advertising is a necessary concomitant thereof.  A related business and similar advertising is permitted to secondhand dealers in the purchase of pawn tickets under another licensing statute (Administrative Code of the City of New York, §§ B32–126.0, B32–130.0, subd. g; L. 1937, ch. 929), which business, however, is forbidden to pawnbrokers.  (General Business Law, § 47.)

Nevertheless, plaintiff's plan, in the court's opinion, is violative of the statute under consideration.  (General Business Law, § 41.)  Therein it is provided that a pawnbroker's license shall " designate the house " in which the business may be carried on and it is expressly forbidden to carry on such business in " any other house ".  The spirit of the statute, and the wise public policy thus made evident, is that such business in its entirety shall be transacted completely at such place only.  The very basis of plaintiff's idea, and vitally necessary and essential to it or to any reasonable variation thereof, is to

accompany pledgors to " another house " and there to redeem the collateral, or at least to examine and appraise such collateral at such " other house ". Under the instant statute this clearly may not be done. (Cf. *Horning* v. *District of Columbia,* 254 U. S. 135.)

The foregoing is the court's decision herein. Settle judgment on notice, without costs, in accordance herewith.